**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

JANET POMMREHN,

            Plaintiff,

v.                                   Civil Action No. 1:11-CV-00202

WRIGHT MEDICAL TECHNOLOGY, INC., and
WRIGHT MEDICAL GROUP, INC.,

            Defendants.

## STIPULATED PROPOSED CONFIDENTIALITY PROTECTIVE ORDER

IT IS HEREBY ORDERED as follows:

      1.       Documents produced by Wright Medical Technology, Inc. (hereafter "WMT") and Wright Medical Group, Inc. (hereafter "WMG") (collectively "Defendants"), during discovery in the above captioned litigation (the "Action") may contain confidential internal investigations, research, development, and other confidential commercial information.  These documents and materials which contain confidential information are hereafter referred to as "Protected Documents."  Except as otherwise indicated below, all documents produced by either Defendant which the producing Defendant designates as "CONFIDENTIAL" shall be Protected Documents and shall be given confidential treatment as described below, unless and until the Court rules that the information contained in those documents is not confidential.

      2.       Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone other than those persons specified in paragraph 3 herein, for any purpose whatsoever other than as required for the preparation for and/or trial of the Action or, in the limited instance of persons identified in

paragraph 3(g) below, for the preparation for and/or trial of Other Lawsuits.

      3.      Plaintiff, or her representatives, may show Protected Documents to, and discuss the contents thereof with, only the following persons (hereinafter referred to as "Qualified Persons"):

      a.      Plaintiff's counsel of record in the Action,

      b.      Employees or agents of such counsel assigned to assist such counsel in the preparation for and/or trial of the Action;

      c.      Experts and consultants retained by plaintiff whose assistance is for the purpose of preparation for and/or trial of the Action;

      d.      Current or former agents or employees of Defendants;

      e.      The Court, Court Clerk and Court personnel working on the Action; and

      f.      Court stenographer and outside copy service whose function requires them to have access to Defendant's Protected Documents; and

      g.      Attorneys representing any plaintiff(s) in any lawsuit to which Wright Medical Technology Inc. or Wright Medical Group, Inc. is a party, alleging marketing, manufacturing and design defects in Wright Conserve Plus Cups ("Other Lawsuit").

      4.      Before receiving access to any Protected Document, each Qualified Person to whom plaintiff, or her representatives, intend to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall receive a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms. Plaintiff's counsel shall maintain a list of all Qualified Persons to whom any Protected Documents or material contained therein are provided, and that list together with executed forms shall be available for inspection by the Court.

      5.      Plaintiff's counsel shall advise counsel for Defendants of the identity of any person described in Paragraph 3(g) above who might be provided Protected Documents, or with whom the contents of Protected Documents might be discussed, at least twenty-one (21) days

prior to such person's execution of the form attached hereto as Exhibit A, including an identification of the plaintiff(s) such person represents and the lawsuit filed on behalf of the plaintiff(s). If either of the Defendants object to disclosure of Protected Documents, or information contained therein, to the identified person(s), such person shall not be permitted to execute Exhibit A hereto, or be provided Protected Documents or the contents thereof, unless and until the Court determines that such disclosure is appropriate under this Order. Any person(s) described in Paragraph 3(g) above who might be provided Protected Documents, or with whom the contents of Protected Documents might be discussed, shall abide by all provisions and handling requirements of this Confidentiality Protective Order in the Other Lawsuit, and shall return Protected Documents to counsel for Defendants consistent with Paragraph 10 below following the termination of the Other Lawsuit.

6. To the extent that any Protected Documents or information obtained therefrom is used in the taking of depositions in the Action, such documents or information shall remain subject to the provisions of this Order, if so requested at the deposition by counsel for either party, except that: (1) counsel may provide the transcript to the deponent for review, identification and signature; and (2) within thirty days counsel requesting such treatment has received a copy of the transcript of such deposition, counsel will designate to other counsel those portions of the transcript regarded as Confidential and only those portions will be marked as Confidential and handled thereafter in accordance with the provisions of this Confidentiality Protective Order.

7. Each document filed with the Court containing any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriately sealed container on which shall be written the title of the Action, the

nature of the contents, the word, "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information filed in this case by [Insert Attorney's Name], and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to the Action. This envelope or container shall not be opened without Order of the Court, except by officers of the court and counsel of record, who after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

8. Neither Plaintiff, her attorneys nor any Qualified Person shall, under any circumstances, sell, offer for sale, or advertise either the contents of Protected Documents or the fact that they have obtained confidential documents of Defendants, with the exception that the attorneys for plaintiff of record in this Action may disclose that they have obtained confidential documents of Defendants to attorneys representing plaintiff(s) in any lawsuit alleging marketing, manufacturing and design defects in Wright Conserve Plus Cups for the purpose of becoming a Qualified Person under paragraph 3(g) of this Order.

9. The provisions of this Order shall continue to be binding until all Protected Documents are returned pursuant to this Order. This Court will retain and have jurisdiction over the plaintiff and Qualified Persons who have received Protected Documents for enforcement of this Order. The Court's jurisdiction will terminate after all Protected Documents have been returned in compliance with this Order.

10. All Protected Documents in the possession or control of Qualified Persons associated with this Action, other than those defined in Paragraph 3(g) of this Order, shall be returned to counsel for Defendants by plaintiff's counsel within thirty days after the termination of the Action (including any appeals) at Defendants' expense. This paragraph shall require the return of all photocopies, duplicates, or reproductions of Protected Documents that have been

4

furnished to or made by plaintiff's representatives or experts.  Plaintiff's counsel and experts, however, may retain any notes, abstracts, lists, or summaries drafted in connection with their review of Protected Documents.  Protected Documents in the possession or control of Qualified Persons defined in Paragraph 3(g) of this Order shall be returned to counsel for Defendants within thirty days after the termination of the Other Lawsuit (including any appeals).

11.     A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information.  The written notice shall specifically identify the documents to which the objection is made and state the basis of the parties' objections to the confidential designation.  If the parties cannot resolve the objection within twenty-one (21) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Material in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

12.     This Confidentiality Protective Order shall not prevent any of the parties in this Action from (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; or (b) agreeing between themselves to modification of this

Confidentiality Protective Order, subject to the approval of the Court.

13. Any document produced in response to plaintiff's discovery requests which has been erroneously designated as "CONFIDENTIAL," shall nevertheless be treated as a Protected Document unless and until plaintiff either: (a) obtains the written permission of the producing defendant or its counsel to do otherwise; or, (b) obtains an Order of this Court finding that the document is not a Protected Document. It is understood by Defendants that plaintiff reserves the right to challenge the protection afforded those documents designated as "CONFIDENTIAL" at a later date if circumstances so warrant.

Respectfully Submitted

*s/Charles R. Houssiere*
Charles R. Houssiere, III
Neeley G. Morgan
HOUSSIERE, DURANT & HOUSSIERE, LLP
1990 Post Oak Blvd., Suite 800
Houston, TX 77056-3812
E-mail: choussi@hdhtex.com
E-mail: nmorgan@hdhtex.com


ATTORNEYS FOR PLAINTIFF

*s/Dana J. Ash*
Dana J. Ash
Carla M. Bennett, Esq.
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
E-mail: DJAsh@duanemorris.com

Matthew Y. Biscan, Esq.
CLISHAM, SATRIANA & BISCAN, L.L.C.
1512 Larimer Street, Suite 400
Denver, Colorado 80202
E-mail: biscanm@csbattorneys.com

ATTORNEYS FOR DEFENDANTS

DATED at Denver, Colorado, this 12th day of September 2011September, 2011.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## **EXHIBIT A**

DECLARATION OF _____

STATE OF _____   )

   ) SS:

COUNTY OF_____   )

     1.     My name is _____.  I live at _____.  I am employed as _____ (state position) by _____ (state name and address of employer).

     2.     I have read the Confidentiality Protective Order that has been entered in the Action, and a copy of it has been given to me.  I understand the provisions of this Confidentiality Protective Order, and agree to comply with and to be bound by its provisions.

     3.     I understand that by executing this statement, and by accepting Protected Documents, as defined in the Confidentiality Protective Order, or contents thereof, I willingly and without objection submit myself to the personal jurisdiction of the Court in which the Action is pending, for purposes of enforcement of this Confidentiality Protective Order through the Court's contempt powers and penalties.

     4.     I shall not disclose, forward, discuss or otherwise reveal any of the Protected Documents (or the contents therein) with anyone not specifically designated as a Qualified Person.

     5.     If I receive information as counsel of record in an Other Lawsuit, pursuant to Paragraph 3(g) above, I agree to consent to a joint Confidentiality Protective Order, similar to the one above, for filing with the court in which the Other Lawsuit is pending.  I further agree that I will not use, introduce or attach as an exhibit, file, or otherwise publically disclose any Protected Documents without the entry of a similar Confidentiality Protective Order in the Other Lawsuit

for which I am counsel of record.

      6.     I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

Subscribed and sworn to before me

this _____ day of _____, 2011.

_____
Notary Public